UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at PIKEVILLE)

| | |
|---|---|
| MAURICE BARFIELD,<br><br>　　Petitioner,<br><br>v.<br><br>HECTOR JOYNER, WARDEN,<br><br>　　Respondent. | Civil Action No. 7: 22-CV-107-CHB<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*　\*\*\*　\*\*\*　\*\*\*

Federal inmate Maurice Barfield filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. The Respondent then filed a response to Barfield's petition [R. 11], and Barfield's time to file a reply brief has now passed. Thus, this matter is ripe for a decision. For the reasons set forth below, the Court will deny Barfield's petition.

In late 2020, Barfield was charged in the United States District Court for the Northern District of Illinois with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *See United States v. Barfield*, No. 1:20-cr-00880-1 (N.D. Ill. 2020). Barfield eventually pled guilty, and, in 2022, the trial court sentenced him to twenty-four months in prison. *See id.* at R. 52. According to the Respondent, Barfield was received into exclusive federal custody on May 6, 2022. [R. 11-1, ¶ 8]. Barfield does not appear to dispute these facts.

That said, Barfield is seeking habeas relief via § 2241, and he claims that the Federal Bureau of Prisons (BOP) is improperly calculating his release date. *See* [R. 1]. Specifically, Barfield suggests that he should receive credit against his federal sentence for certain time he spent

in custody before his federal sentence was imposed. *See id.*. Thus, Barfield asks this Court to grant him relief. *See id.*.

Barfield's petition, however, is unavailing because he has not established that the BOP erred in calculating his sentence. The calculation of a federal prisoner's sentence is determined by 18 U.S.C. § 3585, and subsection (b) makes it clear that a defendant shall only receive prior custody credit if the applicable time period "has not been credited against another sentence." 18 U.S.C. § 3585(b). Here, the U.S. Attorney's Office for the Eastern District of Kentucky, on behalf of the Respondent and the BOP, has analyzed the relevant time period Barfield was apparently in custody before his federal sentence commenced—i.e., from December 8, 2020 through May 5, 2022. *See* [R. 11]. The U.S. Attorney's Office has demonstrated that the BOP *did* give Barfield credit against his federal sentence for the time he spent in custody from December 8, 2020 – April 29, 2021, and from May 1, 2022 – May 5, 2022. *See id.* at 4 (citing R. 11-1 at ¶ 8). The BOP, however, did *not* give Barfield credit against his federal sentence for the time he spent in custody from April 30, 2021 – April 30, 2022 because that time period was credited against a one-year sentence he received in a criminal case in Illinois state court. *See id.* at 3–4, 6; [R. 11-1 at ¶¶ 7–8]. These calculations are consistent with § 3585(b), and Barfield has not established that the BOP otherwise erred in setting his release date.

Finally, the Court recognizes that Barfield has also raised the issue of so-called "*nunc pro tunc*" relief. [R. 1, p. 6] This involves the BOP's discretionary authority under 18 U.S.C. § 3621 "to have a state facility designated *nunc pro tunc* as a place of federal confinement where a prisoner could gain credit against his federal sentence for the time he served there, effectively reducing the length of his federal sentence." *See Davenport v. Ormond*, No. 6:16-cv-295-DCR, 2017 WL 4230400, at *3 (E.D. Ky. Sept. 20, 2017). However, as the U.S. Attorney's Office correctly points

2

out, Barfield raised this issue to this Court before the BOP could properly evaluate and address it, in coordination with the Northern District of Illinois, the federal sentencing court. *See* [R. 11, p. 8, n.1]. In short, the issue is not properly before this Court, and Barfield has not cited any legal authority demonstrating that he is now entitled to habeas relief.

Accordingly, the Court **ORDERS** that:

1. Barfield's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 13th day of March, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY